IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| OSCAR ORTIZ, | ) | |
| | ) | |
| Petitioner, | ) | Case Nos.  CV-04-422-S-BLW |
| | ) | CR-01-98-S-BLW |
| v. | ) | |
| | ) | **MEMORANDUM DECISION** |
| UNITED STATES OF AMERICA, | ) | **AND ORDER** |
| | ) | |
| Respondent. | ) | |
| ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾ | ) | |

Pending before the Court is the Motion by United States for Summary

Judgment as to Petitioner's Claim of Ineffective Assistance of Counsel (Docket

No. 343) based on alleged failure to properly impeach co-Defendants.

Having reviewed the record, and being otherwise fully informed, the Court

grants the Government's Motion and dismisses Petitioner's § 2255 Motion for the

reasons set forth below.

## BACKGROUND

On December 13, 2001, a jury convicted Petitioner of conspiracy to

distribute methamphetamine, drug possession and distribution, and misprision of a

felony, all in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A).  On

March 6, 2002, the Court sentenced Petitioner to 360 months in prison.  Petitioner

**Memorandum Decision and Order - 1**

appealed (1) his conviction, on the grounds that the Government improperly vouched for its witnesses, and (2) his sentence, on the grounds that the Court erred in determining that he was accountable for a co-conspirator's conduct.  In a published opinion, the Ninth Circuit affirmed both the conviction and the sentence. *See United States v. Ortiz*, 362 F.3d 1274 (9th Cir. 2004).

Petitioner then timely filed a Motion to Vacate, Correct, or Set Aside Sentence Pursuant to 28 U.S.C. § 2255 (Docket No. 319).  After reviewing the Government's Response (Docket No. 327), the Court dismissed all of Petitioner's claims except for his claim of ineffective assistance of counsel based on failure to impeach co-Defendants.  *See* Order (Docket No. 339).  The Government thereafter filed the pending Motion for Summary Judgment contending that Petitioner's defense attorney, Mr. Raymond W. Setzke, had a clearly delineated and sound strategy that constituted an adequate and reasonable alternative to more aggressive cross-examination.

## APPLICABLE LAW

The well-established two-prong test for evaluating ineffective assistance of counsel claims is deficient performance and resulting prejudice.  *See Strickland v. Washington*, 466 U. S. 668 (1984).  More specifically, to prevail on an ineffective assistance of counsel claim, a defendant must demonstrate that counsel's

**Memorandum Decision and Order - 2**

performance "fell below an objective standard of reasonableness" and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 688; 694. *See also Bell v. Cone*, 535 U.S. 685, 695 (2002).

Counsel's performance falls below the objective standard of reasonableness when it "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result" or when "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 686-87. Under the performance prong, there is a strong presumption that counsel's performance falls "within the wide range of reasonable professional assistance," and strategic choices by counsel are "virtually unchallengeable." *Id.* at 689-90. Under the prejudice prong, it is not enough that the alleged errors had some conceivable effect on the outcome. *Id.* at 693. In assessing whether the result would have been different, the Court should consider "the totality of the evidence before the judge or jury." *Id.* at 695.

In evaluating an ineffective assistance of counsel claim, the Court may consider the performance and prejudice components of the *Strickland* test in either order. *Id.* at 697. Furthermore, the Court need not consider one component if

**Memorandum Decision and Order - 3**

there is an insufficient showing of the other. *Id.*

Regarding the specific claim of ineffective assistance of counsel based on failure to impeach a government witness, courts determine prejudice by considering (1) the strength of the prosecution's case, (2) the effectiveness of the defense absent the impeachment evidence, and (3) the potential impeachment value of the evidence not introduced. *Stephens v. Hall*, 294 F.3d 210, 218 (1st Cir. 2002).

An evidentiary hearing is not required where the allegations in a § 2255 motion are inadequate or vague and conclusory. *Shah v. United States*, 878 F.2d 1156, 1161 (9th Cir.), *cert. denied*, 493 U.S. 869 (1989).

## DISCUSSION

Petitioner's assertion that defense counsel failed to effectively impeach, or should have more aggressively impeached, co-Defendants' credibility based on the favorable sentences they were to receive in exchange for their testimony is without merit.  As the Government pointed out in its Motion for Summary Judgment, Mr. Setzke's impeachment of co-Defendants' credibility included three components: (1) the cross-examination questioning  of the respective co-Defendants; (2) the anticipated instruction by the Court regarding the "great caution" that should be applied in assessing such testimony; and (3) closing argument.

**Memorandum Decision and Order - 4**

A review of the record reveals that Mr. Setzke competently attacked the credibility of those who testified against Petitioner.  Mr. Setzke used a logical questioning format establishing as to each of the co-Defendants who had entered into plea agreements  (1) the original charges in the Indictment, (2) the mandatory minimum sentence for each charge, (3) the total potential sentence that each witness faced absent cooperation with the Government, (4) the charges dismissed pursuant to the Plea Agreement, and (5) the resulting potential sentence.  Tr. 189-90 (Juan Benitez); 306-08 (Mary Elena Guerra); 426-28 (Amber Vergel); and 573-74 (Jesus Zapata Guerrero).   In doing so, he contrasted the large, mandatory minimum sentence each faced under the Indictment with the lesser sentence based on the Plea Agreement.  Mr. Setzke then highlighted his impeachment with questions that were intended to extract testimony to the effect that each witness was testifying against Petitioner to receive a more favorable sentence.  This questioning reasonably communicated to the jury that a possible, if not probable, motivation for the testimony was a desire to receive a reduced sentence rather than a desire to tell the truth.

Mr. Setzke's cross-examination of the witnesses went beyond the favorable treatment they were receiving in return for their testimony.  He explored other areas of weak and inconsistent testimony in the remainder of his cross-

**Memorandum Decision and Order - 5**

examination.  With some of the witnesses, he established that they did not even

implicate Petitioner until the second or third interview with investigators and then

only when the investigators mentioned his name.  Tr. 202-03 (Benitez); 228 (Pina);

and 575 (Guerrero).  Mr. Setzke impeached the credibility of co-Defendant Ramos,

who did not enter into a Plea Agreement with the Government, by bringing out a

prior inconsistent statement in which Ramos had initially told agents that

Petitioner's house was not a stash house and that he had never delivered or seen

drugs there.  Tr. 558.

      Emphasizing the testimony elicited on cross examination, Mr. Setzke's

closing argument focused almost exclusively on the unreliability of co-Defendants'

testimony.  Mr. Setzke argued in no uncertain terms that the witnesses' veracity

was highly questionable given their self-interest in receiving lesser sentences.  He

further argued that they "were making deals for their lives" in negotiating with the

Government, that the only testimony at trial implicating Petitioner came from

individuals making a deal, and that the individuals implicating Petitioner did not do

so until his name was mentioned by investigators.  *See generally* Tr. 696-704.  Mr.

Setzke also emphasized with respect to Petitioner, that the investigatory agents did

not engage the usual, and arguably more reliable, investigatory techniques such as

search warrants, wiretaps, surveillance, audio recordings, and  controlled buys.  Tr.

**Memorandum Decision and Order - 6**

695-6.  He analogized convicting his client based on nothing more than the

unreliable testimony of self-interested witnesses to purchasing a piece of property

based the statements of several individuals that the purported owner "probably

owns the property."  Tr. 694; 704.

Even if Mr. Setzke's impeachment strategy was somehow deficient, the

Court's instructions to the jury brought home the fact that the co-Defendant

witnesses' testimony was to be viewed with some skepticism:

> [Co-Defendants] have pleaded guilty to crimes
> arising out of the same events for which the Defendant is
> on trial.  These guilty pleas are not evidence against the
> Defendant, and you may consider them *only in
> determining these witnesses' believability*.  You may
> consider this evidence, along with other pertinent
> evidence, in deciding whether or not to believe these
> witnesses and how much weight to give to the testimony
> of those witnesses.  *You should consider these witnesses'
> testimony with great caution*, giving it the weight you
> feel it deserves.
> . . . .
>
> You have heard testimony that [co-Defendants
> other than Ramos] have received favorable treatment
> from the Government in connection with this case.  You
> should examine the testimony of [co-Defendants other
> than Ramos] *with greater caution* than that of other
> witnesses.  In evaluating that testimony, you should
> consider the extent to which it may have been influenced
> by the receipt of the favored treatment from the
> Government. (Emphasis added.)

Tr. 658-59.

**Memorandum Decision and Order - 7**

Petitioner's claim that a more effective or aggressive impeachment would have yielded a different result is highly speculative.  He alleged no facts that could have been elicited using a more effective or aggressive form of impeachment.  Nor did he allege that Mr. Setzke had information available to him with which he could have impeached co-Defendants but failed to use.  Furthermore, the Court cannot determine the effectiveness of the defense absent the impeachment evidence or the potential value of evidence not introduced when none is advanced.  Indeed, additional questioning or a more aggressive technique could have elicited far more damaging testimony against Petitioner.

Using the *Strickland* test for ineffective assistance of counsel, Petitioner has failed to show that counsel's performance was deficient.  In other words, he has failed to show that Mr. Setzke made errors so serious that he was not functioning as "counsel" guaranteed by the Sixth Amendment.  Failing to meet the first component of the *Strickland* test, the Court need not address the second component of prejudice.  *Strickland*, at 697.          However, it will do so briefly.

The Ninth Circuit found "[o]n balance, and in light of all the evidence," that the Government's improper vouching did not warrant reversal for plain error because the defense attacked the credibility of the co-Defendants "on account of their incentive to curry favor," the Court instructed the jury to view their testimony

**Memorandum Decision and Order - 8**

"with great caution," and the evidence of two law enforcement officers corroborated much of the cooperating witnesses' testimony. *Ortiz*, 362 F.3d at 1279.  For those very reasons, and the fact that two of Petitioner's children testified against him, this Court concludes, based on the totality of the evidence at trial, that the result would not have been any different even if the impeachment had been more aggressive.[1]

## CONCLUSION

Petitioner's claim of ineffective assistance of counsel for failure to impeach co-Defendants shall be dismissed without an evidentiary hearing as it plainly appears from the face of his Motion, the Government's Response and Motion for Summary Judgment, and the transcripts of the trial that he is not entitled to relief.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that the Government's

---

[1]  In a somewhat related issue,  Petitioner claimed that the Government led the jury to believe that the co-Defendants would not receive reduced sentences and that defense counsel failed to inform the jury of the high likelihood of reduced sentences.  These claims are completely rebutted by the record and merit no further comment.  Petitioner also asserted that defense counsel failed to explain to the jury that the Court would go along with the Government's sentencing recommendation thereby leading the jury to believe that co-Defendants could well receive a sentence greater than or equal to Petitioner's.  This assertion is not substantiated by the record.  Mr. Setzke's cross examination and closing very definitely emphasized that the co-Defendants would likely receive lesser sentences.

Motion for Summary Judgment (Docket No. 343) is GRANTED.

IT IS FURTHER HEREBY ORDERED that Petitioner's Motion to Vacate, Correct, or Set Aside Sentence Pursuant to 28 U.S.C. § 2255 (Docket No. 319) is DISMISSED in its entirety.

IT IS FURTHER HEREBY ORDERED that Case No. CV-04-422-S-BLW is DISMISSED.

DATED: **March 7, 2006**

B. LYNN WINMILL
Chief Judge
United States District Court

**Memorandum Decision and Order - 10**